# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| JACK DEVON MILLER, | : | |
| Plaintiff, | : | Case No. 3:05CV362 |
| vs. | : | Magistrate Judge Sharon L. Ovington |
| | | (by consent of the parties) |
| R&M INVESTMENTS LLC, | : | |
| doing business as McDonald's | | |
| Restaurant, *et al*., | : | |
| Defendants. | : | |

## DECISION AND ENTRY

## I.      INTRODUCTION

Plaintiff Jack Devon Miller, a resident of Dayton, Ohio, brings this case *pro se* claiming

that he suffered food poisoning as a result of eating food he purchased at a McDonald's

Restaurant in Fruita, Colorado.  Plaintiff's Complaint lists as Defendants R&M Investments

LLC, doing business as McDonald's Restaurant, and McDonald's Corporation.

In response to Plaintiff's Complaint, King Enterprises filed an Answer stating that it is

the owner and operator of the McDonald's Restaurant located at 555 Jurassic Court in Fruita,

Colorado.  King Enterprises also filed a document captioned, "Identification of Proper Party

Defendant," through which King Enterprises and McDonald's Corporation acknowledged they

are the proper party Defendants in this case.  (Doc. #14).  King Enterprises further stated, "Upon

information and belief, Defendant 'R&M Investments, LLC' is a business entity that at one point

operated a pay telephone at the McDonald's that is the subject of the Complaint, and at no time

operated or was otherwise involved with the restaurant King Enterprises has operated and continues to operate." (Doc. #14 at 1).

This case is before the Court upon Defendant McDonald's Corporation's Motion to Dismiss (Doc. #7), which the Court has converted to a Motion for Summary Judgment pursuant to Fed. R. Civ. P. 12(c) (Doc. #13). Although the Court notified Plaintiff Miller of its decision to convert the Motion to Dismiss to a Motion for Summary Judgment, and also notified him that his response to the Motion was due on or before June 27, 2006, Plaintiff Miller has not filed a response to the Motion.

The case is also before the Court upon King Enterprises' Motion To Dismiss For Lack Of Personal Jurisdiction, For Improper Venue, And For Failure To Prosecute (Doc. #15). The Court provided Notice to Plaintiff Miller that his Response to King Enterprises' Motion To Dismiss was due on or before October 19, 2006 (Doc. #16), but Plaintiff Miller has not filed any response to King Enterprises' Motion.

## II.    PLAINTIFF'S COMPLAINT

Plaintiff alleges the following in his Complaint:

(1) On or about October 29, 2003, I was traveling from California to Ohio. During the afternoon, I stopped for fuel and food in Fruita, Colorado. I purchased two hamburgers from McDonald's Restaurant located at 555 Jurassic. I proceeded on my way, eating one of the hamburgers while I drove. The hamburger did not taste right, so I ended up throwing the remainder of it away along with the second hamburger. As I continued traveling, my stomach became unsettled. When I reached Fort Morgan, Colorado, I checked into a motel. The next day I awakened in the intensive care unit of the Colorado Plains Medical Center. I had been near death and was diagnosed with food poisoning.

(2) After being released from the hospital, I was driven to Ohio by relatives who came to Colorado to retrieve me. When they would stop to eat, I became fearful

whenever they approached a McDonald's restaurant.  This fear of McDonald's foot lasted quite a while, and I still do not purchase beef items from any of them.

(3) Medical bills from my treatment at Colorado Plains Medical Center are not yet paid, and have been turned over to collection agencies.

(4) I have suffered mental and physical anguish as a direct result of the food poisoning I acquired from the sandwich purchased at the Fruita, Colorado McDonald's restaurant.

(5) I incurred additional expenses, such as late fees on the rental van, airline tickets for the flight to Colorado for the family members who came to retrieve me, and other expenses, due to my falling ill and having to be hospitalized in Colorado.

(6) I will incur attorney, court and other related fees in pursuing an amenable resolution of this matter.

(Doc. #1 at 5).

## III.    DEFENDANT MCDONALD'S CORPORATION'S MOTION TO DISMISS

Because the Court converted (with notice to Plaintiff) Defendant McDonald's Rule 12(b)(6) Motion to Dismiss to a Motion for Summary Judgment, the standards set for in Fed. R. Civ. P. 56 apply.  Summary judgment is warranted under Rule 56(c) "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *J.Z.G. Resources, Inc. v. Shelby Insur. Co.*, 84 F.3d 211, 213 (6th Cir. 1996).

"The burden placed upon the movant for summary judgment is to show that the non-moving party has failed to establish an essential element of his case upon which he would bear the ultimate burden at trial."  *Guarino v. Brookfield Tp. Trustees,* 980 F.2d 399, 403 (6th Cir. 1992); *see Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479-80 (6th Cir. 1989).  If the movant

makes this showing, the non-moving party may not rely on the bare allegations of the Complaint but must present affirmative evidence in support of his or her claims. *Adams v. Metiva*, 31 F.3d 375, 379 (6th Cir. 1994); *see also Street*, 886 F.2d at 1479-80.

Because Plaintiff is proceeding *pro se*, the Court construes his Complaint liberally in his favor. *Black v. Parke*, 4 F.3d 442, 448 (6th Cir. 1993). The Court, however, is not required "to search the entire record to establish that it is bereft of a genuine issue of material fact." *Id*. at 404; *see InterRoyal Corp. v. Sponseller*, 889 F.2d 108, 111 (6th Cir. 1989); *see also Street*, 886 F.2d at 1479-80. Rather, the burden falls on Plaintiff at this stage of the litigation to designate specific facts or evidence in dispute. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *see also Metiva*, 31 F.3d at 379; *Street*, 886 F.2d at 1479-80.

Defendant McDonald's Motion relies on the sworn affidavit of its Senior Counsel, David Bartlett. (Doc. #7, Exhibit A). Bartlett states the following: Defendant McDonald's (1) does not own or operate the McDonald's Restaurant at 555 Jurassic Ct., Fruita, Colorado; (2) did not sell any product at this restaurant; (3) did not manufacture, process or prepare any product for sale at this restaurant; (4) did not supply any product, or own or operate any business that supplies product, to this restaurant; and (5) did not, nor have the right to, control the day-to-day activities necessary to carry on the business operations of this restaurant. *Id*. Because Plaintiff did not respond to Defendant's Motion to Dismiss or to the Court's Order converting it to a Motion for Summary Judgment, no genuine dispute exists over Bartlett's affidavit. Plaintiff has simply not met his burden at this stage of the case of producing or pointing to affirmative evidence in the record that creates a genuine dispute over the facts set forth in Bartlett's affidavit. Consequently, given Bartlett's undisputed affidavit, no reasonable jury could find, based on the present record,

that Defendant McDonald's took any affirmative act, or omitted to take an act when it held a duty to act, with regard to the sale of food to Plaintiff at the McDonald's Restaurant at 555 Jurassic Ct., Fruita, Colorado.

Accordingly, Defendant McDonald's Motion to Dismiss, which has been converted to a Motion for Summary Judgment, is well taken.

## IV.     KING ENTERPRISES' MOTION TO DISMISS

### A.     Personal Jurisdiction

King Enterprise contends that this Court lacks personal jurisdiction over it because the Complaint fails to allege that King Enterprises had any contact with Ohio, as required by Ohio's long-arm statute, Ohio Rev. Code §2307.382.  King Enterprises also contends that the Due Process Clause of the Fourteenth Amendment to the United State Constitution bars this Court from exercising personal jurisdiction over it due to its lack of minimum contacts with Ohio and because it has not purposefully availed itself of the privilege of conducting business activities in Ohio.

King Enterprises submits the affidavit of Douglas King, Chief Executive Officer of King Enterprise.  (Doc. #15, Exh. A).  King's affidavit states that: (1) King Enterprises is a Colorado Corporation with its principle place of business in Grand Junction, Colorado; (2) it owns six restaurants in Colorado and Utah; (3) it has never existed under the laws of Ohio; (3) it has never maintained an address or post office box in Ohio; (4) it has not done any banking in Ohio; and (5) it has never conducted regular business in Ohio, advertised in Ohio, or owned real estate or other property in Ohio.  *Id.*

As the party seeking to establish personal jurisdiction over King Enterprises, Plaintiff

bears the burden of establishing a mere *prima facie* case of personal jurisdiction.  *See Brunner v.*

*Hampson*, 441 F.3d 457, 462 (6th Cir. 2006).  When considering whether Plaintiff has

accomplished this, without conducting an evidentiary hearing, this Court "must consider the

pleadings and affidavits in a light most favorable to the plaintiff...."  *Id.* (quoting *CompuServe,*

*Inc. v. Patterson,* 89 F.3d 1257, 1261-62 (6th Cir.1996); *see Preferred Capital, Inc. v. Associates*

*in Urology*, 453 F.3d 718, 720 (6th Cir. 2006).

Accepting the allegations of the Complaint as true does nothing to assist Plaintiff in

showing a *prima facie* case of personal jurisdiction over King Enterprises.  The Complaint

contains no allegation (or mention) of King Enterprises and is thus void of an allegation

concerning King Enterprises' purported contacts with Ohio.  In addition, Plaintiff's failure to

respond to King Enterprises' Motion to Dismiss leaves the record void of any information or

evidence contradicting Douglas King's affidavit.  This unrefuted affidavit is consequently

sufficient to demonstrate both that King Enterprises did not have any, let alone minimum,

contacts with Ohio and that King Enterprises did not purposefully avail itself of the privilege of

conducting business in Ohio.  With no evidence or allegation in the record contrary to these

conclusions, Plaintiff has not met his burden of presenting a *prima facie* case of personal

jurisdiction over King Enterprises.  *See Brunner*, 441 F.3d at 464-67 (discussing Ohio's long-

arm statute and standards for determining personal jurisdiction).

## B.        Failure To Prosecute

King Enterprises contends that this case should be dismissed under Fed. R. Civ. P. 41(b)

due to Plaintiff's failure to prosecute.  King Enterprises explains that Plaintiff failed to respond

to Defendant McDonald's Motion to Dismiss and failed to respond to the Court's Order

converting Defendant McDonald's Motion to Dismiss to a Motion for Summary Judgment, even

though the Court notified Plaintiff of the specific deadlines by which his responses were due.  In

addition, King Enterprises predicts that its Motion To Dismiss For Lack Of Personal

Jurisdiction, For Improper Venue, And For Failure To Prosecute may go unanswered, which it

has, and that it continues to suffer prejudice and incur attorney fees while the case remains

pending.

"When contemplating dismissal under Rule 41(b), a court must consider: (1) whether the

party's failure to cooperate is due to willfulness, bad faith, or fault; (2) whether the adversary

was prejudiced by the dilatory conduct of the party; (3) whether the dismissed party was warned

that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were

imposed or considered before dismissal was ordered." *Stough v. Mayville Community Schools*,

138 F.3d 612, 614 (6th Cir. 1998).

Dismissal under Rule 41(b) constitutes "a harsh sanction which the court should order

only in extreme situations showing a clear record of delay or contumacious conduct by the

plaintiff." *Stough*, 138 F.3d at 614 (internal punctuation and citations omitted).  The purpose of

Rule 41(b) dismissals only in "extreme situations" is to reconcile competing concerns:  "On the

one hand, there is the court's need to manage its docket, the public's interest in expeditious

resolution of litigation, and the risk of prejudice to a defendant because the plaintiff has actively

pursued his claims.  On the other hand is the policy which favors disposition of cases on their

merits." *Mulbah v. Detroit Bd. Of Education*, 261 F.3d 586, 590-91 (6th Cir. 2001).

Dismissal under Rule 41(b) is unwarranted solely for the reason that a plaintiff has not responded either to a Motion for Summary Judgment under Fed. R. Civ. P. 56, *see Carver v. Bunch*, 946 F.2d 451, 454-55 (6th Cir. 1991), or to a Motion to Dismiss under Fed. R. Civ. P. 12(b)(6), *see Bangura v. Hansen*, 434 F.3d 487, 497-98 (6th Cir. 2006). In these situations, the district court must at a minimum determine whether the moving party has met its initial burden under the applicable Rule (12(b)(6) or 56(c)). *See Bangura*, 434 F.3d at 497-98; *see also Carver v. Bunch*, 946 F.2d at 454-55.

In the present case, dismissal is warranted under Rule 41(b) first because Plaintiff has completely, and hence willfully, failed to prosecute his case. Plaintiff's willfulness is established by his failure to respond to two dispositive Motions, to the Court's Order converting Defendant McDonald's Motion to Dismiss to a Motion for Summary Judgment, together with his failure to otherwise prosecute his case in any manner since effecting service of summons and Complaint nearly eight months ago. On these three occasions, the Court provided Plaintiff with notice of the specific deadlines by which his responses to Defendants' respective Motions were due. (Doc. #s 8, 13, 16). Yet Plaintiff did not file any responsive document. The Court also notified Plaintiff that if he failed to respond to King Enterprises' Motion To Dismiss For Lack Of Personal Jurisdiction, For Improper Venue, And For Failure To Prosecute, the Motion may be granted and his case against King Enterprises may be dismissed. (Doc. #16). This indeed is the situation he faces due to his own failure to respond or otherwise prosecute his case nearly since

its inception.  His lack of response, moreover, leaves the record void of any indication of why he has not responded or whether he seeks to further litigate this case.

Lastly, rather than dismiss this case based only on Plaintiff's lack of prosecution, the Court has reviewed the merits of both Defendant McDonald's Motion to Dismiss (after conversion to a Motion for Summary Judgment with notice to Plaintiff) and King Enterprises' Motion to Dismiss.  As discussed above, each Motion is well taken.  The record, moreover, contains no indication that Plaintiff has served summons and Complaint upon R&M Investments, LLC, the only remaining Defendant named in the Complaint.  The record also contains no information to contradict King Enterprises' explanation that R&M Investment, LLC is not connected to the McDonald's Restaurant located in 555 Jurassic Ct. In Fruita, Colorado, and that R&M Investment, LLC is not a proper party to this case.  *See* Doc. #14 at 1.

Accordingly, under all these circumstances, Plaintiff's case must be dismissed under Fed. R. Civ. P. 41(b) due to his failure to prosecute.

### IT IS THEREFORE ORDERED THAT:

1. Defendant McDonald's Motion to Dismiss (Doc. #7), which has been converted to a Motion for Summary Judgment, is GRANTED, and Plaintiff's claims against Defendant McDonald's are DISMISSED with prejudice;

2. Defendant King Enterprises' Motion To Dismiss For Lack Of Personal Jurisdiction, For Improper Venue, And For Failure To Prosecute (Doc. #15) is GRANTED, and Plaintiff's claims against Defendant King Enterprises are DISMISSED without prejudice;

3. Plaintiff's case against all Defendants is also DISMISSED under Fed. R. Civ. P. 41(b) due to Plaintiff's failure to prosecute; and

4.      The case is terminated on the docket of this Court.


November 1, 2006

                                                    s/ Sharon L. Ovington
                                                    Sharon L. Ovington
                                                    United States Magistrate Judge